[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11803
Non-Argument Calendar

_____

D. C. Docket No. 09-00211-CV-E

THRESA LYNN WILLIAMS,

Plaintiff-Appellant,

versus

UNIVERSITY OF ALABAMA HOSPITAL AT BIRMINGHAM,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 25, 2009)

Before EDMONDSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Thresa Lynn Williams appeals pro se the dismissal of her complaint against

the University of Alabama Hospital at Birmingham. The district court ruled that it lacked jurisdiction to consider Williams's complaint. We affirm.

Williams, a resident of Birmingham, Alabama, filed a complaint against the Hospital. Williams alleged that she was restrained and medicated by medical staff and admitted to the psychiatric ward after she complained of symptoms of food poisoning. Williams complained that the Hospital was liable for her personal injuries and committed medical malpractice, assault, 18 U.S.C. §§ 113, and bribery, id. § 201.

The Hospital argues that Williams failed timely to appeal the judgment, but we disagree. The district court dismissed Williams's complaint on February 26, 2009. Because the court did not enter its judgment in a separate document as required by Federal Rule of Evidence 58(a), Williams had 150 days, or until July 27, 2009, to appeal the judgment. See Fed. R. App. P. 4(a)(7)(A)(ii). Williams timely filed her notice of appeal on April 8, 2009.

The district court did not err by dismissing Williams's complaint. Williams complains that the Hospital committed federal offenses of assault and bribery, but she lacks standing to bring these charges. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The

government, not private citizens, prosecutes crimes. Williams's remaining complaint is that the Hospital committed medical malpractice and caused her personal injuries under Alabama law. The district court lacked jurisdiction to consider that complaint because there is no diversity of citizenship between the parties. 28 U.S.C. § 1332; see MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

The dismissal of Williams's complaint is **AFFIRMED**.